**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

APOLONIO PALOMARES, an Individual; TERESA PALOMARES, an Individual

Plaintiffs,

vs.

BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, a Delaware corporation; FASTLINK FINANCIAL. INC., a California corporation; YAZMIN ESPARZA, an Individual; and DOES 1 through 25, inclusive,

Defendants.

CASE NO. 07cv01899 WQH (BLM)

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Portions of Plaintiffs' Complaint (Doc. #12) filed by Defendant Bear Stearns Residential Mortgage Corporation.

**BACKGROUND**

On September 28, 2007, Apolonio Palomares and Teresa Palomares ("Plaintiffs") filed a Complaint against Bear Stearns Residential Corporation ("Bear Stearns"), Fastlink Financial, Inc. ("Fastlink"), and Yazmin Esparza. (Doc. #1). The Complaint alleges the following causes of action: (1) violation of the Truth and Lending Act, (2) violation of the Real Estate and Settlement Procedures Act, (3) violation of California Civil Code sections 1920 and 1921, (4) violation of the Unfair Competition Act, (5) violation of the False

Advertising Act, (6) Constructive Fraud, (7) Intentional Misrepresentation, (8) Concealment, (9) Negligent Misrepresentation, (10) Fraud on the Public, (11) Rescission/Cancellation, (12) Breach of Fiduciary Duty, (13) Negligence, (14) Breach of Implied Covenant of Good Faith and Fair Dealing, and (15) Intentional Infliction of Emotional Distress. *Id.*

The Complaint alleges that in April of 2007, Plaintiffs received a phone call from a woman by the name of Yazmin Esparza, who told Plaintiffs that she was a representative of a company by the name of Fastlink. *Id.* at ¶¶ 2, 28. The Complaint alleges that Esparza represented to Plaintiffs that Esparza and Fastlink could and would consolidate Plaintiffs' existing home loans, and obtain a mortgage with monthly payments of less than $2,700, which would include property taxes and hazard insurance, and would not have a prepayment penalty period of more than 12 months. *Id.* at ¶ 36. The Complaint alleges that Plaintiffs only speak, read, and write Spanish, that Esparza was aware that Plaintiffs only speak, read and write Spanish, and that Esparza made these representations in Spanish. *Id.* at ¶¶ 30-32.

The Complaint alleges that Esparza visited Plaintiffs' home several weeks after the initial phone call and offered to Plaintiffs, in writing, the following three alternative loan products from Fastlink: (1) a five-year fixed rate loan with interest-only monthly obligations of $2,700 that included property tax and hazard insurance ("first loan product"); (2) an "Option Adjustable Rate Mortgage" with monthly payment obligations of $3,366.73 ("second loan product"); and (3) a thirty-year fixed mortgage with monthly payments exceeding $4,000. *Id.* at ¶ 38.

The Complaint alleges that Plaintiffs told Esparza that they wanted the first loan product, and that Esparza promised Plaintiffs that she would obtain the first loan product for Plaintiffs. *Id.* at ¶¶ 39-40.

The Complaint alleges that in or about May of 2007, Esparza visited Plaintiffs' home with a set of loan documents. The Complaint alleges that the documents were really associated with the second loan product, despite Esparza's representation that the

documents were associated with the first loan product. *Id*. at ¶ 46. The Complaint alleges that the loan documents also included a second mortgage note on Plaintiffs' home in the amount of $62,000, with an interest rate of 10.87%. *Id*. The Complaint alleges that Esparza instructed the Plaintiffs to sign the documents, which were written in English; that Plaintiffs asked Esparza to verify the set of loan documents as Fastlink's first loan product; that Esparza assured Plaintiffs, in Spanish, that the set of loan documents was Fastlink's first loan product; and that Plaintiffs could not understand the documents because they only read, write, and speak Spanish. *Id*. at ¶¶ 49-53. The Complaint alleges that Plaintiffs signed the documents associated with the second loan product. *Id*. at ¶ 59.

The Complaint alleges that the representations made to the Plaintiffs by Esparza that Plaintiffs would receive the first loan product were false; that "Defendants knew that these representations were false at the time they were made or made the false representations in reckless disregard of the truth;" that "Defendants intended that Plaintiffs rely on the misrepresentations;" and that "Plaintiffs reasonably relied on Defendants' misrepresentations because they thought Defendants were acting as their agent and in their best interests." *Id*. at ¶¶ 53-58, 132-35.

The Complaint alleges that Bear Stearns was the lender for the second loan product. *Id*. at ¶¶ 23, 68-70. The Complaint alleges that Fastlink and Esparza were acting as "agents" of Bear Stearns when they secured the second loan product for Plaintiffs. *Id*. at ¶¶ 22-23. The Complaint alleges that Esparza, Fastlink, and Bear Stearns formed a "civil conspiracy" that included a common plan to falsify the loan documents, obscure the terms of the loan applications and mislead Plaintiffs. *Id*. at ¶ 24. The Complaint alleges that "Defendants, and each of them, falsified Plaintiffs' loan information, and/or closed their eyes to the ability [of] Plaintiffs herein to repay [the] loan." *Id*. at ¶ 84. The Complaint alleges that Bear Stearns motivated Esparza and Fastlink to sell the second loan product by providing a $7,362.20 incentive that Fastlink and Esparza would not have received had they not secured the second loan product for Plaintiffs. *Id*. at ¶¶ 71-72.

The Complaint alleges that the total monthly obligation under the new loans is $4,279.01, and that the new loans do not include property taxes and hazard insurance. *Id*.

The Complaint alleges that "Defendants" acted with "conscious and outrageous disregard towards Plaintiffs" by misrepresenting the characteristics of the loans and placing Plaintiffs in loans that "Defendants" knew Plaintiffs could not afford. *Compl*. at ¶¶ 33, 43, 190.

On November 30, 2007, Bear Stearns filed the Motion to Dismiss Portions of Plaintiffs' Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 12). Bear Stearns moves to dismiss the claims against Bear Stearns for violation of California Civil Code sections 1920 and 1921, intentional misrepresentation, concealment, negligent misrepresentation, negligence, breach of the implied covenant of good faith and fair dealing and intentional infliction of emotional distress. *Motion to Dismiss*, p. 2-3.

On December 24, 2007, Plaintiffs filed Opposition to Defendants' Motion to Dismiss. (Doc. #21). Plaintiffs oppose dismissal of the causes of action for intentional misrepresentation and intentional infliction of emotional distress. *Opposition*, p. 2. Plaintiffs do not oppose dismissal of the causes of action for violation of California Civil Code sections 1920 and 1921, concealment, negligent misrepresentation, negligence and breach of the implied covenant of good faith and fair dealing. *Id*.

On December 28, 2007, Bear Stearns filed a Reply Motion in Support of the Motion to Dismiss. (Doc. #22).

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right of relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *See id.* (citing Fed. R. Civ. P. 8(a)(2)). In ruling on a motion

pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1981). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001).

## DISCUSSION

### I. Causes of Action for Violation of California Civil Code Sections 1920 and 1921, Concealment, Negligent Misrepresentation, Negligence and Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs state in the Opposition to the Motion to Dismiss that "Plaintiffs <u>do not oppose</u> Bear Stearns 12(b)(6) Motion to Dismiss as to the following Causes of Action of Plaintiffs' Complaint: (a) Third Cause of Action–Violation of California Civil Code §§ 1920 and 1921; (b) Eight Cause of action–Concealment, California Civil Code §§ 1709 and 1710; (c) Ninth Cause of Action–Negligent Misrepresentation, California Civil Code §§ 1709 and 1710; (d) Thirteenth Cause of Action–Negligence; and (e) Fourteenth Cause of Action–Breach of Implied Covenant of Good Faith and Fair Dealing." *Opposition*, p. 2 (emphasis in original).

Courts will grant a motion to dismiss when the non-moving party files a notice of non-opposition. *Newdow v. Cong. of the United States*, 435 F.Supp.2d 1066, 1070 (E.D. Cal. 2006); S.D CAL. L.R. 7.1(f)(3). The Court will grant the Motion to Dismiss the causes of action against Bear Stearns for violation of California Civil Code sections 1920 and 1921, concealment, negligent misrepresentation, negligence and breach of the implied covenant of good faith and fair dealing because Plaintiffs have made a clear statement of non-opposition to dismissal of these claims. *See id.; Opposition*, p. 2.

**II. Intentional Misrepresentation**

Bear Stearns contends that Plaintiffs have not adequately alleged a misrepresentation made by Bear Stearns, or that Esparza and Fastlink were agents or co-conspirators of Bear Stearns such that Bear Stearns is liable for statements made by Esparza and Fastlink. *Mot. to Dismiss*, p. 7; *Reply to Opposition*, p. 3. Bear Stearns moves to dismiss Plaintiffs' cause of action against Bear Stearns for intentional misrepresentation on grounds that Plaintiffs have failed to allege any misrepresentation attributable to Bear Stearns with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiffs contend that they have alleged that Bear Stearns acted as a principal and co-conspirator through allegations that Bear Stearns provided Bear Stearns and Esparza with a $7,362.20 incentive for selling the second loan product. Plaintiffs contend that Bear Stearns is jointly liable for misrepresentations made by Esparza and Fastlink, under either an agency or a civil conspiracy theory. *Opposition*, p. 6.

To state a claim for intentional misrepresentation, a plaintiff must allege: (1) a misrepresentation, (2) knowledge that the representation was false, (3) intent to induce reliance on the misrepresentation, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Agosta v. Astor*, 120 Cal.App.4th 596, 599, 603 (Cal. Ct. Appeal 2005); 5 Witkin Summary of Cal. Law (10th ed. 2005) Torts §772, p. 1121.

Principals are liable for the tortious acts of their agents committed within the scope of the agency. *Holley v. Crank*, 400 F.3d 667, 673 (9th Cir. 2004); RESTATEMENT (THIRD) OF AGENCY § 7.03 (2006). To allege an agency relationship, a plaintiff must allege: (1) that the agent or apparent agent holds power to alter legal relations between principal and third persons and between principal and himself; (2) that the agent is a fiduciary with respect to matters within scope of agency; and (3) that the principal has right to control conduct of agent with respect to matters entrusted to him. *Garlock Sealing Technologies LLC v. NAK Sealing Technologies, Corp.* 148 Cal.App.4th 937, 965 (Cal. Ct. App. 2007).

All conspirators are jointly liable for the acts of their co-conspirators. *See Swartz v. KPMG, LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citing *Beltz Travel Serv., Inc. v. Int' Air*

*Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980)). To allege a civil conspiracy, a plaintiff must allege: "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Cellular Plus, Inc. v. Superior Court*, 14 Cal. App. 4th 1224, 1236 (Cal.Ct. App. 1993). To allege the formation and operation of the conspiracy, the plaintiff must allege an agreement to commit the wrongful acts. *Wasco Products, Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006).

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To state a claim of intentional misrepresentation, the Plaintiff must satisfy this heightened pleading standard for fraud pursuant to Rule 9(b). Fed. R.Civ. P. 9(b); *Henry v. Lehman Commer. Paper, Inc.*, 471 F.3d. 977, 998 (9th Cir. 2005). When a plaintiff alleges that a defendant is liable for intentional misrepresentation under either an agency or civil conspiracy theory, Rule 9(b) requires that the plaintiff allege with particularity facts that support the existence of an agency relationship or civil conspiracy. *Swartz*, 476 F.3d at 764-65. Rule 9(b) requires that the pleader state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation. *Id.*; *Sebastian International, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 634-35 (C.D. Cal. 2001). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz*, 476 F.3d at 764-65. "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Id*. (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Plaintiffs allege that Esparza and Fastlink made various misrepresentations, including that the documents Plaintiffs signed were for the first loan product. *Compl.* at ¶ 53. Plaintiffs generally allege that "Defendants" engaged in fraudulent conduct, but only

attribute specific conduct to Esparza and Fastlink. *Id*. Plaintiffs have failed to allege that Bear Stearns personally made any misrepresentations. *See Swartz*, 476 F.3d at 764-65 (a complaint may not lump together allegations against multiple defendants).

The Complaint alleges that "each and every Defendant was an agent and/or employee of each and every other Defendant," and that "[e]ach and every Defendant was acting within the course and scope of this agency or employment with the consent, permission, and authorization of the remaining Defendants, or otherwise acting with apparent authority." *Id*. at ¶ 22. However, Plaintiffs have failed to allege that Esparza or Fastlink had the power to alter legal relations between Bear Stearns and the Plaintiffs, that either Esparza or Fastlink was a fiduciary of Bear Stearns, or that Bear Stearns had the right to control the conduct of either Esparza or Fastlink. *See Garlock*, 148 Cal.App.4th at 965. The Court finds that Plaintiffs have failed to allege with particularity that Esparza and Fastlink were agents of Bear Stearns.

The Complaint alleges that "there existed a civil conspiracy between Defendants, and each of them, the object of which was to reap substantial profits by targeting Plaintiffs, and those similarly situated," and that there was "a common plan or design to falsify the loan applications, to obscure the terms of the loan applications and to mislead" the Plaintiffs. *Compl*. at ¶ 24. Plaintiffs, however, have failed to allege that Bear Stearns formed any agreement with Esparza and Fastlink to misrepresent that the Plaintiffs would receive the first loan product. *See Wasco*, 435 F.3d at 992. The Court finds that Plaintiffs have failed to allege with particularity that Bear Stearns was a party to a civil conspiracy.

Viewing the allegations in the light most favorable to Plaintiffs, the Court concludes that the Complaint does not allege facts with the required specificity to support that Bear Stearns personally made a misrepresentation, or that Bear Stearns is jointly liable for statements made by Esparza and/or Fastlink based on an agency or civil conspiracy theory. The Court will grant the Motion to Dismiss Plaintiffs' claim against Bear Stearns for intentional misrepresentation.

**III. Intentional Infliction of Emotional Distress**

Bear Stearns moves to dismiss Plaintiffs' claim for intentional infliction of emotional distress against Bear Stearns on grounds that Plaintiffs have failed to sufficiently allege that Bear Stearns' conduct was extreme and outrageous. *Mot. to Dismiss* at p. 4. Bear Stearns contends that, as a matter of law, Plaintiffs have not alleged that Bear Stearns' conduct was outrageous because the Complaint alleges that Bear Stearns gave Plaintiffs a written disclosure clearly informing Plaintiffs that they were receiving an adjustable rate mortgage. *Mot. to Dismiss* at p. 5.

Plaintiffs oppose the Motion to Dismiss the claim for intentional infliction of emotional distress on grounds that California law allows recovery for emotional distress damages as a result of intentional tortious conduct. *Opposition* at p. 6-7. Plaintiffs assert that they have stated a claim for intentional infliction of emotional distress because they have alleged misrepresentations regarding Plaintiffs' refinancing and have alleged that "Defendants, intentionally, or at least recklessly, placed the Plaintiffs into mortgages which they knew were specifically beyond the realm of the Plaintiffs' ability to pay." *Opposition*, p. 7-8.

To state a claim for intentional infliction of emotional distress, Plaintiffs must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, 1001 (1993) (citing *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991)). In order to be "outrageous," conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Garamendi v. Golden Eagle Ins. Co.*, 128 Cal. App. 4th 452, 480 (2005). Severe emotional distress "may consist of any highly unpleasant mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment or worry." *Hailey v. California Physicians' Service*, 158 Cal. App. 4th 452,476 (9th Cir. 2007).

"Where reasonable minds may differ, the trier of fact is to determine whether the conduct has been sufficiently extreme and outrageous to result in liability." *Tekle v. United States*, 511 F.3d 839, 856 (9th Cir. 2006).

The cause of action for intentional infliction of emotional distress alleges in full:

> Defendants, and each of them, acted with conscious and outrageous disregard towards Plaintiffs by implementing their 2-part Deceptive Acts and Practices Predatory Lending Scheme as alleged above, so as to foreseeably cause Plaintiffs severe and enduring emotional distress including persistent and strong feelings of fear, shock, worry, anxiety, anger, depression, sadness, embarrassment, humiliation, shame and disappointment, constituting an extreme and outrageous invasion of Plaintiffs' mental and emotional tranquility.

*Compl*. at ¶ 190. The Complaint also alleges that "Defendants promised and represented to Plaintiffs that they would provide a five (5) year fixed mortgage with an interest-only, fully impounded monthly payment of $2,700 as a decoy, but Defendants had no intention of selling that loan to Plaintiffs." *Id.* at ¶ 33. The Complaint alleges that "Defendants' solicitation and promise to obtain a 5-year fixed loan for Plaintiffs was a fraud, and Defendants instead engaged to obtain for Plaintiffs two (2) more expensive and unaffordable loans than Plaintiffs'." *Id.* at ¶ 43. The Complaint alleges that "Defendants, and each of them, falsified Plaintiffs' loan information, and/or closed their eyes to the ability [of] Plaintiffs herein to repay [the] loan." *Id*. at ¶ 84. The Court finds that reasonable minds may differ with regard to whether this alleged conduct is "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *See Garamendi*, 128 Cal. App. 4th at 480. The Court also finds that Plaintiffs have alleged that Plaintiffs suffered severe emotional distress and that Defendants' alleged outrageous conduct caused this severe emotional distress. Viewing the allegations in the light most favorable to the Plaintiffs, the Court concludes that the Complaint states a claim against Bear Stearns for intentional infliction of emotional distress. The Court will deny the Motion to Dismiss Plaintiffs' claim against Bear Stearns for intentional infliction of emotional distress.

## CONCLUSION

IT IS HEREBY ORDERED that Court **DENIES** the Motion to Dismiss the cause of action against Bear Stearns for intentional infliction of emotional distress. It is further

ordered that the Court **GRANTS** the Motion to Dismiss the causes of action against Bear Stearns for violation of California Civil Code sections 1920 and 1921, negligent misrepresentation, concealment, negligence, breach of the implied covenant of good faith and fair dealing and intentional misrepresentation. The causes of action against Bear Stearns for violation of California Civil Code sections 1920 and 1921, negligent misrepresentation, concealment, negligence, breach of the implied covenant of good faith and fair dealing and intentional misrepresentation are **DISMISSED with leave to amend.** If Plaintiffs wish to amend the Complaint they must file and serve a first amended complaint within sixty (60) days of the date of this order.

DATED: March 13, 2008

WILLIAM Q. HAYES
United States District Judge